UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

United States of America,

                Plaintiff,

v.

D-1 Ros's Cabinets II Inc.,

                Defendant.

No. 15-20149

Hon.  Robert H. Cleland

Offense: 8 U.S.C. § 1324(a)(3)(A) - Hiring of 10 or more illegal aliens within a 12 month period

Maximum Penalty: 5 Years

Maximum Fine: $250,000

---

# Rule 11 Plea Agreement

---

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant Ros's Cabinets II Inc. and the government agree as follows:

1. **Guilty Plea**

   A. **Count of Conviction**

   Defendant will enter a plea of guilty to Count One of the Superseding Information, which charges the unlawful hiring of 10 or more illegal aliens within a 12 month period.

B.  **Corporate Authorization**

Ros's Cabinets II Inc. will provide to the United States written evidence in the form of a notarized resolution of the Board of Directors with both notary and corporate seals, certifying that the Defendant corporation is authorized to plead guilty to the felony charge set forth in the Information, and to enter into and comply with all provisions of this agreement. The resolution shall further certify that the President of Ros's Cabinets II Inc. is authorized to take these actions and that all corporate formalities, including but not limited to, approval by Ros's Cabinet's II Inc. directors, required for such authorization, have been observed. The Defendant agrees that the President of Ros's Cabinets II Inc. shall appear on behalf of the company to enter the guilty plea and for imposition of the sentence in the United States District Court for the Eastern District of Michigan.

C.  **Organizational Changes**

The Defendant shall not, through a change of name, business reorganization, sale or purchase of assets, divestiture of assets, or any similar action, seek to avoid the obligations and conditions set forth in this plea agreement. This plea agreement, together with all of the obligations and terms hereof, shall inure to the benefit of and bind partners, assignees, successors-in-interest, or transferees of the Defendant.

2

D.   **Elements of Offense**

The elements of Count One are as follows:

1.   The defendant hired at least 10 persons during any 12 month period for employment in the United States;

2.   The persons were aliens; and

3.   The defendant knew the aliens were not authorized to undertake the employment within the United States.

E.   **Factual Basis for Guilty Plea**

The following facts are a sufficient and accurate basis for defendant's guilty plea:   The defendant, ROS'S CABINETS II INC., a business lawfully incorporated in the State of Michigan, doing business as "Ros's Cabinets," is located at 15065 32 Mile Road, Romeo, Michigan 48065.   Ros's Cabinets is a privately held company specializing in custom-built cabinetry.   In order to build and deliver the custom cabinets, Ros's Cabinets has relied upon a moderately sized semi-skilled and unskilled labor force of more than 20 but less than 100 employees.

From 2007, Ros's Cabinets has been involved in knowingly hiring aliens who were neither lawfully admitted for permanent residence nor authorized to be employed within the United States of America. More specifically, during the calendar year of 2012, Ros's Cabinets knowingly hired at least ten or more aliens,

3

who were not lawfully admitted for permanent residence or authorized to be so employed within the United States of America.

Further, despite knowing that federal law mandated that every employee hired after November 6, 1986 must complete an Employment Eligibility Verification Forms (I-9) at the time of hire, Ros's Cabinets engaged in a continuing pattern of failing to properly complete the I-9 form for every hired employee. Ros's Cabinets repeatedly created incomplete forms, especially when the prospective employee was an alien. While these I-9 forms required every employer to verify that all newly hired employees presented valid documentation verifying the employee's identity and legal authorization to accept employment in the United States, Ros's Cabinets would oftentimes not request any documentation from the employee or would knowingly accept false or fraudulent documentation. Additionally, investigation has revealed that Ros's Cabinets treated them differently from employees that were citizens of the United States of America.

2.     **Sentencing Guidelines**

    A.     **Standard of Proof**

The Court will find sentencing factors by a preponderance of the evidence.

    B.     **Agreed Guideline Range**

There are no sentencing guideline disputes. As the defendant is an Organization (Corporation) as defined under § 8A1.1 of the sentencing guidelines

and the defendant cannot be imprisoned, the defendant can be sentenced to: provide community service; pay restitution; pay a fine; pay a special assessment; and/or a term of probation.  The parties agree that the defendant shall make a payment of $50,000 (an aggregate of a fine and a consent judgment for the forfeiture of seized funds).

3.    **Sentence**

The Court will impose a sentence pursuant to 18 U.S.C. § 3553, and the factors contained in the United States Sentencing Guidelines.

A.    **Special Assessment**

Defendant will pay a special assessment of $ 400 and must provide the government with a receipt for the payment before sentence is imposed

B.    **Fine**

The parties agree that a fine will be imposed by the Court in the amount of Forty-one Thousand One Hundred Sixty-Nine Dollars - $41,169.00.

C.    **Forfeiture of Seized Funds**

As part of this agreement, pursuant to 8 U.S.C. § 1324(b), 28 U.S.C. §2461, and/or 18 U.S.C. § 982(a)(6), defendant agrees to forfeit its interest in the following as proceeds of violations of 8 U.S.C. § 1324:

Eight Thousand Eight Hundred Thirty-One Dollars ($8,831) in U.S. Currency.

5

In entering into this agreement with respect to forfeiture, defendant expressly waives its right to have a jury determine the forfeitability of its interest in the above-described property as provided by Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure.

In entering into this agreement with respect to forfeiture, defendant knowingly, voluntarily, and intelligently waives any challenge to the above-described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

Defendant further waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that it understands that the forfeiture of the above-described assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise it of this, pursuant to Rule 11(b)(1)(J), at the time its guilty plea is accepted..

4.     **Use of Withdrawn Guilty Plea**

If the Court allows the defendant to withdraw its guilty plea, for a "fair and just reason" pursuant to Fed. R. Crim. P. 11(d)(2)(B), defendant waives its rights under Fed. R. Evid. 410, and the government may use its guilty plea, any statement

made under oath at the change-of-plea hearing, and the factual basis statement in this plea agreement, against it in any proceeding.

## 5.   Other Charges

If the Court accepts this agreement, the government will not bring additional charges against defendant based on any of the conduct reflected in the attached worksheets.

## 6.   Each Party's Right to Withdraw from This Agreement

The government may withdraw from this agreement if the Court fines the defendant to any amount less than agreed upon in Part 3. Defendant may withdraw from this agreement, and may withdraw its guilty plea, if the Court decides to impose an amount higher than the maximum allowed by Part 3. This is the only reason for which defendant may withdraw from this agreement. The Court shall advise defendant that if it does not withdraw its guilty plea under this circumstance, the Court may impose an amount greater than the maximum allowed by Part 3.

## 7.   Appeal Waiver

The defendant waives any right it may have to appeal its conviction on any grounds. If the defendant's sentence does not exceed the amount agreed upon in Part 3, the defendant also waives any right it may have to appeal its sentence on any grounds.     If the defendant's sentence is not less than the amount agreed upon in

Part 3, the government waives any right it may have to appeal the defendant's sentence.

## 8.     Consequences of Withdrawal of Guilty Plea or Vacation of Conviction

If defendant is allowed to withdraw its guilty pleas or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing it to withdraw its guilty plea becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea or to any conduct reflected in the attached worksheets, defendant waives its right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

9.    **Parties to Plea Agreement**

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

10.    **Scope of Plea Agreement**

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. This agreement supersedes all other promises, representations, understandings and agreements between the parties concerning the subject matter of this plea agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for the defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

Notwithstanding the previous paragraph, if defendant has entered into a proffer agreement in writing or a cooperation agreement in writing with the government, this plea agreement does not supersede or abrogate the terms of any such prior written agreement.

This agreement also does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

9

11.   **Acceptance of Agreement by Defendant**

This plea offer expires unless it has been received, fully signed, in the Office of the United States Attorney by 5:00 P.M. on April 31, 2015. The government reserves the right to modify or revoke this offer at any time before defendant pleads guilty.

Barbara L. McQuade
United States Attorney

Jonathan Tukel
Assistant United States Attorney
Chief, NSU

Ronald W. Waterstreet
Assistant United States Attorney

Date:

Date:  5/28/2015

By signing below, defendant acknowledges that its corporate representative has read this entire document, understands it, and agrees to its terms. It also acknowledges that it is satisfied with its attorney's advice and representation. Defendant agrees that its corporate representative has had a full and complete opportunity to confer with its lawyer, and has had all of the corporate representative's questions answered by its lawyer.

Steven Fishman
Attorney for Ros's Cabinets II

Anthonio Virelli
President – Ros's Cabinets II

Date: 6/2/15

Date: 6/2/15

| Defendant: | Ros's Cabinets II | Count: | One |
|---|---|---|---|
| Docket No.: | | Statute(s): | 8 USC Section1324(a)(3)(A) |

## WORKSHEET A (Offense Levels)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

1.   BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)

| Guideline Section | Description | Levels |
|---|---|---|
| 8A1.1 | Sentencing of Organization (Corporation) | |
| 8C2.1 | Fine Guidelines | |
| 8C2.3 | 2L1.1 Hiring 10 or more aliens within 12 months | 12 |
| | | |
| | | |

2.   ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)

| Guideline Section | Description | Levels |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

A-1

| Defendant: | Ros's Cabinets II | Count: | One |
|---|---|---|---|
| Docket No.: | | Statute(s): | 8 USC Section1324(a)(3)(A) |

## 3.   ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2.  If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

*If this is the only Worksheet A, check this box and skip Worksheet B.*   ☑

*If the defendant has no criminal history, check this box and skip Worksheet C.*   ☑

A-2

| Defendant: | Ros's Cabinets II | Count: | One |
|---|---|---|---|
| Docket No.: | | Statute(s): | 8 USC Section1324(a)(3)(A) |

## WORKSHEET B (Multiple Counts)

### Instructions (U.S.S.G. ch. 3, pt. D):

- Group the counts of conviction into distinct Groups of Closely Related Counts. "All counts involving substantially the same harm shall be grouped together into a single Group." (*See* U.S.S.G. § 3D1.2.)

- Determine the offense level applicable to each Group. (*See* U.S.S.G. § 3D1.3.)

- Determine the combined offense level by assigning "units" to each Group as follows (*see* U.S.S.G. § 3D1.4):

    - assign 1 unit to the Group with the highest offense level,
    - assign 1 unit to each additional Group that is equally serious as, or 1 to 4 levels less serious than, the Group with the highest offense level,
    - assign ½ unit to each Group that is 5 to 8 levels less serious than the Group with the highest offense level,
    - assign no units to each Group that is 9 or more levels less serious than the Group with the highest offense level.

1. **GROUP ONE:** COUNT(S) _____
   ADJUSTED OFFENSE LEVEL _____

2. **GROUP TWO:** COUNT(S) _____
   ADJUSTED OFFENSE LEVEL _____

3. **GROUP THREE:** COUNT(S) _____
   ADJUSTED OFFENSE LEVEL _____

4. **GROUP FOUR:** COUNT(S) _____
   ADJUSTED OFFENSE LEVEL _____

   | | unit |
   |---|---|
   | | unit |
   | | unit |
   | | unit |

5. **TOTAL UNITS**

   | units |
   |---|

B-1

| Defendant: | Ros's Cabinets II | Count: | One |
|---|---|---|---|
| Docket No.: | | Statute(s): | 8 USC Section1324(a)(3)(A) |

6. **INCREASE IN OFFENSE LEVEL**

    1 unit $\longrightarrow$ no increase        2 1/2 – 3 units $\longrightarrow$ add 3 levels
    1 1/2 units $\longrightarrow$ add 1 level        3 1/2 – 5 units $\longrightarrow$ add 4 levels
    2 units $\longrightarrow$ add 2 levels        > 5 levels $\longrightarrow$ add 5 levels

7. **ADJUSTED OFFENSE LEVEL OF GROUP
    WITH THE HIGHEST OFFENSE LEVEL**

8. **COMBINED ADJUSTED OFFENSE LEVEL**

    Enter the sum of the offense levels entered in Items 6 and 7.

B-2

| Defendant: | Ros's Cabinets II | Count: | One |
|---|---|---|---|
| Docket No.: | | Statute(s): | 8 USC Section1324(a)(3)(A) |

# WORKSHEET C (Criminal History)

Date of defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses):_____

## 1.   PRIOR SENTENCES

### Prior Sentence of Imprisonment Exceeding 13 Months                    **3 POINTS**
### (U.S.S.G. §§ 4A1.1(a)):
Enter 3 points for each prior adult sentence of imprisonment exceeding one year and one month that either (1) was imposed within 15 years of the defendant's commencement of the instant offenses (taking into account relevant conduct and stipulated offenses) or (2) resulted in the defendant's confinement during any part of that 15-year period. (*See* U.S.S.G. §§ 4A1.1(a), 4A1.2(d)(1), (e)(1).)

### Prior Sentence of Imprisonment of at Least 60 Days                    **2 POINTS**
### (U.S.S.G. §§ 4A1.1(b)):
Enter 2 points for each prior sentence of imprisonment of at least 60 days not counted under U.S.S.G. § 4A1.1(a) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and resulted in the defendant's confinement during any part of the 5-year period preceding the defendant's commencement of the instant offense (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(d)(2)(A)).

### Other Prior Sentences                    **1 POINT**
### (U.S.S.G. §§ 4A1.1(c)):
Enter 1 point for each prior sentence not counted under U.S.S.G. § 4A1.1(a) or (b) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and was imposed within 5 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(d)(2)(B)). NOTE: No more than 4 points may be added under this item.

C-1

| Defendant: | Ros's Cabinets II | Count: | One |
|---|---|---|---|
| Docket No.: | | Statute(s): | 8 USC Section1324(a)(3)(A) |

| **Date of Imposition** | **Status*** | **Offense** | **Sentence** | **Release Date**** | **Points** |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

\*    If the defendant committed the offense before turning 18, indicate whether he or she was sentenced as a juvenile (J) or as an adult (A).

\*\*    A release date is required in only two situations:   (1) when a sentence covered under U.S.S.G. § 4A1.1(a) was imposed more than 15 years before the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) but resulted in his or her confinement during any part of that 15-year period; or (2) when a sentence counted under U.S.S.G. § 4A1.1(b) was imposed for an offense committed before the defendant turned 18 but resulted in his or her confinement during any part of the 5-year period preceding his or her commencement of the instant offense (taking into account relevant conduct and stipulated offenses).

| Defendant: | Ros's Cabinets II | Count: | One |
|---|---|---|---|
| Docket No.: | | Statute(s): | 8 USC Section1324(a)(3)(A) |

**2.  COMMISSION OF INSTANT OFFENSE WHILE UNDER PRIOR SENTENCE (U.S.S.G. § 4A1.1(d))**

Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) while under any criminal justice sentence having a custodial or supervisory component, including probation, parole, supervised release, imprisonment, work release, and escape status. (*See* U.S.S.G. §§ 4A1.1(d), 4A1.2(m), (n).) List the type of control and identify the sentence from which it resulted.

**3.  PRIOR SENTENCE RESULTING FROM CRIME OF VIOLENCE (U.S.S.G. § 4A1.1(e))**

Enter 1 point for each prior sentence resulting from a conviction for a crime of violence that did not receive any points under U.S.S.G. § 4A1.1(a), (b), or (c) because such sentence was considered related to another sentence resulting from a conviction for a crime of violence.   But enter no points where the sentences are considered related because the offenses occurred on the same occasion.   (*See* U.S.S.G. §§ 4A1.1(e), 4A1.2(p).)   Identify the crimes of violence and briefly explain why the cases are considered related. NOTE: No more than 3 points may be added under this item.

**4.  TOTAL CRIMINAL HISTORY POINTS**

Enter the sum of the criminal history points entered in Items 1-4.

**5.  CRIMINAL HISTORY CATEGORY**

| Total Criminal History Points | Criminal History Category |
|:---:|:---:|
| 0-1 | I |
| 2-3 | II |
| 4-6 | III |
| 7-9 | IV |
| 10-12 | V |
| ≥13 | VI |

C-3

| Defendant: | Ros's Cabinets II | Count: | One |
|---|---|---|---|
| Docket No.: | | Statute(s): | 8 USC Section1324(a)(3)(A) |

# **WORKSHEET D (Guideline Range)**

1.  **(COMBINED) ADJUSTED OFFENSE LEVEL**
    Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level entered in item 8 of Worksheet B.

2.  **ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY (U.S.S.G. § 3E1.1)**

3.  **TOTAL OFFENSE LEVEL**

    Enter the difference between Items 1 and 2.

    > 12

4.  **CRIMINAL HISTORY CATEGORY**

    Enter "I" if the defendant has no criminal history.  Otherwise, enter the criminal history category entered in Item 6 of Worksheet C.

5.  **CAREER OFFENDER/CRIMINAL LIVELIHOOD/ARMED CAREER CRIMINAL/DANGEROUS SEX OFFENDER (U.S.S.G. ch. 4, pt. B)**
    a. <u>Total Offense Level:</u>  If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision (U.S.S.G. § 4B1.3), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a total offense level higher than the total offense level entered in Item 3, enter the higher offense level total.
    b. <u>Criminal History Category:</u>  If the career offender provision (U.S.S.G. § 4B1.1), the armed career criminal  provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal history category.

6.  **GUIDELINE RANGE FROM SENTENCING TABLE (U.S.S.G. CH. 5, PT. A)**
    Enter the guideline range in the Sentencing Table (*see* U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b.

    months

D-1

| Defendant: | Ros's Cabinets II | Count: | One |
|---|---|---|---|
| Docket No.: | | Statute(s): | 8 USC Section1324(a)(3)(A) |

7.    **STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**
If the maximum sentence authorized by statute is below, or a minimum sentence required by statute is above, the guideline range entered in Item 6, enter either the guideline range as restricted by statute or the sentence required by statute. (*See* U.S.S.G. § 5G1.1.) If the sentence on any count of conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why.

months

D-2

| Defendant: | Ros's Cabinets II | Count: | One |
|---|---|---|---|
| Docket No.: | | Statute(s): | 8 USC Section1324(a)(3)(A) |

# **WORKSHEET E (Authorized Guideline Sentences)**

1. **PROBATION**
   a. Imposition of a Term of Probation (U.S.S.G. § 5B1.1)

   ☐ 1. Probation is not authorized by the guidelines (minimum of guideline range ≥ 10 months or statute of conviction is a Class A or a Class B felony). If this box is checked, go to Item 2 (Split Sentence).

   ☐ 2. Probation is authorized by the guidelines (minimum of guideline range = zero months).

   ☐ 3. Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 9 months).

   b. Length of Term of Probation (U.S.S.G. § 5B1.2)

   ☒ 1. At least 1 year but not more than 5 years (total offense level ≥ 6)

   2. No more than 3 years (total offense level < 6).

   c. Conditions of Probation (U.S.S.G. § 5B1.3)

2. **SPLIT SENTENCE (U.S.S.G. § 5C1.1(C)(2), (D)(2))**

   ☐ a. A split sentence is not authorized (minimum of guideline range = 0 months or ≥ 15 months).

   ☐ b. A split sentence is authorized (minimum of guideline range > 0 months but ≤ 12 months). The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 10 or 12 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, 6, 8, or 9 months). The authorized length of the term of supervised release is set forth below in Item 4.b.

3. **IMPRISONMENT (U.S.S.G. CH. 5, PT. C)**
   A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D). (*See* U.S.S.G. § 5C1.1.)

E-1

| Defendant: | Ros's Cabinets II | Count: | One |
|---|---|---|---|
| Docket No.: | | Statute(s): | 8 USC Section1324(a)(3)(A) |

### 4.   SUPERVISED RELEASE (U.S.S.G. ch 5., pt. D)

a. <u>Imposition of a Term of Supervised Release</u> (U.S.S.G. § 5D1.1)
The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute. The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

b. <u>Length of Term of Supervised Release</u> (U.S.S.G. § 5D1.2)

☐ 1. At least 2 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥ 25 years.

☐ 2. At least 1 year but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥ 5 years but < 25 years.

☐ 3. 1 year, where the count of conviction is a Class E felony or a Class A misdemeanor, i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.

☐ 4. The statute of conviction requires a minimum term of supervised release of _____ years.

c. Conditions of Supervised Release  (U.S.S.G. § 5D1.3)

The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

### 5.   RESTITUTION (U.S.S.G. § 5E1.1)

☐ 1. The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664.)  The court will determine who the victims are and their restitution amounts.

☐ 2. The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664)  The parties agree that full restitution is $_____.

| Defendant: | Ros's Cabinets II | Count: | One |
|---|---|---|---|
| Docket No.: | | Statute(s): | 8 USC Section 1324(a)(3)(A) |

☐  3.  The parties agree that the court *may* order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $_____. (*See* 18 U.S.C. §§ 3663(a)(3), 3664.)

☐  4.  The parties agree that the court *may also* order restitution to persons other than the victim(s) of the offense(s) of conviction in any amount up to and including $_____. (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3), 3664.)

☒  5.  Restitution is not applicable.

## 6. FINE (U.S.S.G. § 5E1.2)

a.  <u>Fines for Individual Defendants</u>

The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).)  Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table.  (*See* U.S.S.G. § 5E1.2(b).)  However, there are exceptions to this general rule. (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

b.  <u>Fine Range from Fine Table  (U.S.S.G. § 5E1.2(c)(3))</u>

| <u>Minimum Fine</u> | <u>Maximum Fine</u> |
|---|---|
| $48,000 | $96,000 |

| Defendant: | Ros's Cabinets II | Count: | One |
|---|---|---|---|
| Docket No.: | | Statute(s): | 8 USC Section1324(a)(3)(A) |

**7. SPECIAL ASSESSMENT(S) (U.S.S.G. § 5E1.3)**

The court must impose a special assessment on every count of conviction.   The special assessments for individual defendants are:

- $100.00 for every count charging a felony ($400 for a corporation),
- $25.00 for every count charging a Class A misdemeanor ($125 for a corporation),
- $10.00 for every count charging a Class B misdemeanor ($50 for a corporation), and
- $5.00 for every count charging a Class C misdemeanor or an infraction ($25 for a corporation).

The defendant must pay a special assessment or special assessments in the total amount of $400_____.

**8. FORFEITURE (U.S.S.G. § 5E1.4)**

[X] Assets of the defendant will be forfeited.

[ ] Assets of the defendant will not be forfeited.

**9. ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES**

List any additional applicable guideline, policy statement, or statute.
Fines determined under 8C2.1;8C2.3;8C2.4;8C2.5;8C2.6; 8C2.7 resulting in range of $48,000 - $96,000 fine.

**10. UPWARD OR DOWNWARD DEPARTURE (U.S.S.G. ch. 5, pts. H & K)**

List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range.

E-4

(Rev. April 2014)